536

GEISMAR v. BOND & GOODWIN, Inc.
et al.

District Court, S. D. New York.
March 19, 1941.

Godfrey & Marx, of New York City, for plaintiff.

Hardy, Stancliffe & Hardy, of New York City States S. S. Co. and others. (John L. Farrell and Robert V. Rafter, both of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

The complaint alleges two causes of action against the defendants, Pacific-Atlantic Steamship Company, "Sam" P. Fleming and States Steamship Company. (There are other causes of action pleaded which are not directed against these defendants).

The first cause of action alleges a participation by these defendants in a conspiracy to defraud the plaintiff. The second cause of action realleges the conspiracy and predicates the action under the Securities Exchange Act of 1934, § 1 et seq., 15 U.S.C.A. § 78a et seq.

These defendants, in three separate applications, move to dismiss the two causes of action. As to the first, they contend that the suit has been commenced in the wrong district; that service of process was improper; that there is no allegation of diversity of citizenship between the plaintiff and the defendant, Fleming. As to the second, the defendants contend that it fails to state a claim against them upon which relief can be granted and that this court lacks jurisdiction over the subject matter.

It appears that Fleming is a resident of Portland, Oregon, and that the plaintiff herein is a resident of the State of New Jersey. The statute affords said defendant the privilege, under these facts, of insisting that this suit be maintained in

the district of his residence. The defendant Fleming's motion to dismiss the first cause of action on the ground of improper venue must be granted. Section 51 of the Judicial Code, as amended, U.S.C.A., Title 28, § 112.

Likewise the motions of defendants Pacific-Atlantic Steamship Company and States Steamship Co. to dismiss the first cause of action on the ground of improper venue must be granted. It appears that both corporate defendants are foreign corporations and do not have their principal place of business within this district. The business activities of these corporate defendants as disclosed by the affidavits herein do not constitute doing business within this district to the extent required to preclude the defendants from objecting to suit herein. London v. Norfolk & W. Ry. Co., 4 Cir., 111 F.2d 127; Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164; Elevator Supplies Co., Inc., v. Wagner Mfg. Co., D.C., 54 F.2d 937; Cohen v. Boulevard Frocks, D.C., 26 F.Supp. 771. Cf. Toulmin v. James Mfg. Co., D.C., 27 F.Supp. 512; In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

Inasmuch as all three motions to dismiss the second cause of action raise identical legal questions, they will be considered together. This cause of action is based solely upon the Securities Exchange Act of 1934, 48 Stat. 881, U.S.C.A. Title 15, §§ 78a to 78jj. (Par. 19 of complaint). This act under certain conditions does confer a right of civil action in favor of parties injured by violators of the provisions of said act. Sec. 78i, subd. (e).

On motions to dismiss, every presumption and inference from the pleadings must be resolved in favor of the pleader. From a reading of the complaint, it is not expressly pleaded that the securities in question were "registered on a national securities exchange." This question of fact may not be cured by affidavits inasmuch as the rule against "speaking demurrers" prohibits such procedure on motions of this type. McConville v. District of Columbia, D.C., 26 F.Supp. 295; Sherover v. John Wanamaker, D.C., 29 F.Supp. 650; Kuhn v. Pacific Mutual Life Ins. Co., D.C.S.D.N.Y., January 23rd, 1941, 37 F.Supp. 102. As the pleading now stands, I believe a good cause of action is alleged under Section 78i, subd. (e) of the Securities Exchange Act of 1934.

However in a companion motion by defendant, Bond & Goodwin, Inc., plaintiff has been directed to set forth in a bill of particulars the precise section of the act that he relies on in this action to establish liability upon defendants. I will therefore deny defendants' motions to dismiss the second cause of action without prejudice to a renewal after the service of said bill of particulars.

Settle orders.