## GEISMAR v. BOND & GOODWIN, Inc., et al.

District Court, S. D. New York.
July 8, 1941.

See, also, D.C., 39 F.Supp. 536.

Godfrey & Marx, of New York City (Walter E. Godfrey and S. David Leibowitt, both of New York City, of counsel), for plaintiff.

Crawford, James & Harper, of New York City (Martin J. Her, of New York City, of counsel), for defendant Bond & Goodwin, Inc.

Hardy, Stancliffe & Hardy, of New York City (John L. Farrell and Robert V. Rafter, both of New York City, of counsel), for defendants States S. S. Co. and others.

COXE, District Judge.

These are motions by the defendants challenging the sufficiency of the 2d, 3d, 4th and 6th causes of action of the amended complaint. The 2d, 3d and 4th causes of

action are identical with the same causes of action of the original complaint; the 6th cause of action is new with the amended complaint.

The defendant Bond & Goodwin Inc. will hereafter be referred to as "Bond & Goodwin"; the defendant States Steamship Company as "State"; the defendant Pacific-Atlantic Steamship Company as "Pacific"; and the defendant Sam P. Fleming as "Fleming".

The amended complaint contains six separate causes of action, the 1st and 5th being based on alleged false and fraudulent representations in the sale of securities; the 2d, 3d, 4th and 6th alleging violations of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and applicable rules and regulations. The 1st, 3d, 4th and 5th causes of action are directed against Bond & Goodwin alone; the 2nd and 6th against all of the defendants. The 1st, 2d, 3d, 4th and 5th causes of action seek only money damages; the 6th cause of action is for rescission.

The 1st cause of action, directed only against Bond & Goodwin, alleges that the plaintiff was the owner of $12,000 face amount of mortgage bonds of Pacific, for which the plaintiff paid $12,000 in 1929; that State is a subsidiary of and controlled by Pacific; that Fleming is an officer and director of both Pacific and State; and that Bond & Goodwin is a registered broker and dealer transacting business in New York and elsewhere in over-the-counter transactions. It further alleges that the defendants were engaged in a conspiracy to induce the plaintiff by false and fraudulent representations to sell his bonds to Bond & Goodwin for $5,760, which was less than their true value; that the plaintiff relied on these representations, sold the bonds for $5,760, and was damaged in the sum of $7,680.00.

The 2d cause of action, directed against all of the defendants, repeats substantially all of the 1st cause of action, and then alleges that the defendants, in violation of the Securities & Exchange Act of 1934 and applicable rules and regulations, induced the plaintiff to sell his bonds by employing various forbidden practices, namely, making false and fraudulent representations; controlling Bond & Goodwin, the broker or dealer who negotiated the transactions with the plaintiff; and concealing and failing to disclose the relationship with Bond & Goodwin. The damages sought are the same as those asked in the 1st cause of action.

The 3d and 4th causes of action are against Bond & Goodwin alone, and allege in varying form violations of the Securities & Exchange Act of 1934, on which the plaintiff predicates an alternative claim for damages in the same amount as requested in the 1st and 2d causes of action.

The 6th cause of action, directed against all of the defendants, is substantially the same as the 2d cause of action, except that it alleges that the contract for the sale of the bonds to Bond & Goodwin was void under Section 29(b) of the Securities & Exchange Act of 1934, 15 U.S.C.A. § 78 cc(b). The relief sought under the 6th cause of action is rescission.

The plaintiff first seeks to sustain the 2d, 3d, 4th and 6th causes of action under Section 9(e) of the Securities & Exchange Act of 1934, 15 U.S.C.A. 78i(e). This section, by its express terms, applies only to transactions in securities registered on a national securities exchange. It seems clear, therefore, that in order to recover under that section, the plaintiff should both allege and prove that his securities were so registered. This he has failed to do, and I think the defect is fatal insofar as any recovery under Section 9(e) is concerned.

In a previous motion addressed to the 2d cause of action of the original complaint (which is the same as the 2d cause of action of the amended complaint), Judge Mandelbaum seems also to have reached the conclusion that Section 9(e) applied only to transactions in registered securities. He thought, however, that the sufficiency of the cause of action could not properly be tested by affidavits showing that the securities had not been registered. He therefore denied the motion to dismiss the 2d cause of action, with permission to renew after the service of a bill of particulars. D.C., 39 F.Supp. 536. The plaintiff states in his bill of particulars that "he cannot say specifically whether the securities in question were registered on any national exchange, since such information is not within the possession of the plaintiff". In the view I take of the case, it is necessary for the plaintiff affirmatively to allege that the plaintiff's securities were registered on a national securities exchange in order to avail himself of the remedies given by Section 9(e).

The plaintiff next says that the 2d, 3d, 4th and 6th causes of action may be sustained under Section 29(b) of the Securities Exchange Act of 1934 as amended in 1938, 15 U.S.C.A. § 78cc(b).

Section 15 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78, deals generally with over-the-counter markets, and under Section 15(c) (1), 15 U.S.C.A. § 78o(c) (1) a "broker or dealer" is forbidden "to effect any transaction in, or to induce the purchase or sale of, any security * * * by means of any manipulative, deceptive, or other fraudulent device or contrivance". The rules and regulations have given a broad interpretation to the words "any manipulative, deceptive, or other fraudulent device or contrivance", and it will be sufficient for the present purpose merely to say that they are sufficiently comprehensive to cover the allegations of the four causes of action now under attack. Section 20(a), 15 U.S.C.A. § 78t(a), renders "every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder * * * liable jointly and severally with and to the same extent as such controlled person. * * *"

Section 29(b), 15 U.S.C.A. § 78cc(b), provides in part as follows: "Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, * * * shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision, rule or regulation: * * *."

In 1938, Section 29(b), was amended by adding a proviso reading in part as follows: " * * * that no contract shall be deemed to be void by reason of this subsection in any action maintained in reliance upon this subsection, by any person to or for whom any broker or dealer sells, or from or for whom any broker or dealer purchases, a security in violation of any rule or regulation prescribed pursuant to paragraph (1) of subsection (c) of section 78o of this chapter, unless such action is brought within one year after the discovery that such sale or purchase involves such violation and within

three years after such violation". 52 Stat. 1076.

 I think the allegations of the 2d, 3d, 4th and 6th causes of action are sufficient to charge Bond & Goodwin, as a broker and dealer, with violations which, if proved, would render the contract with the plaintiff for the sale of the bonds void under Section 29(b), 15 U.S.C.A. § 78cc(b). It is alleged, too, that Bond & Goodwin was "controlled" by the remaining defendants so as to bring these defendants within the provisions of Section 20(a), 15 U.S.C.A. § 78t(a). The 1938 amendment to Section 29(b) clearly contemplates that a civil suit against all of the defendants may be brought; it is not to be condemned because it is in form a proviso. I think, too, that the language of the section is sufficient not only for the cause of action for rescission (6th) but also for the companion causes of action for money damages (2d, 3d and 4th). See Deckert v. Independence Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189.

The motions of the defendants to dismiss the 2d, 3d, 4th and 6th causes of action are denied.