**FRY et al. v. SCHUMAKER et al.**
Civ. No. 6418.

United States District Court
E. D. Pennsylvania.
Jan. 10, 1947.

Morton P. Rome, Sundheim, Folz, Kamsler & Goodis, and M. Walton Sporkin, Jr., all of Philadelphia, Pa., for plaintiff.

C. Brewster Rhoads, Sidney L. Wickenhaver, J. Hector McNeal and Nathaniel Shapiro, all of Philadelphia, Pa., for defendants Loraine J. Schumaker, and others.

Richard V. Zug and G. Ruhland Rebmann, Jr., both of Philadelphia, Pa., for defendants Herbert H. Blizzard and others.

Louis Loss, of Washington, D. C., for Securities & Exchange Commission.

KIRKPATRICK, Chief Judge.

This complaint contains four counts. The first two are based on alleged violations of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and Rules X–10B–3 and X–10B–5 of the Securities & Exchange Commission. They differ in that the relief requested in the first is for rescission while the second asks for damages. The third and fourth counts are based upon the common law of fraud and deceit and, as in the first two counts, ask for rescission and damages, respectively.

There are six defendants. Three of them, who are the partners of a brokerage firm, have moved to dismiss the complaint as to them for failure to state a claim upon which relief can be granted.

Inasmuch as the first and third counts are for rescission and it is not alleged that the brokers ever acquired any of the stock, the purchase of which is the basis of the complaint, the plaintiffs do not contend that those counts are applicable to the brokers.

The fourth count unquestionably states facts which, if proved, would establish a cause of action of fraud and deceit at common law against at least one of the defendants other than the brokers. The averments set out a rather elaborate scheme to acquire the plaintiffs' stock at less than its real value by means of fraudulent representations and concealments. It is further averred that, in order to accomplish his purpose, the defendant in question employed the brokers to write a solicitation letter to the plaintiffs offering to purchase their stock. The complaint makes it clear that this was an essential part of the plan. The 21st paragraph of the complaint avers that all the defendants including the brokers, "knew they were practicing devices, schemes, and artifices to defraud, and were engaging in acts and practices and courses of business operating as a fraud and deceit, upon plaintiffs * * *"

On a motion to dismiss for failure to state a valid cause of action the rule as stated by the Circuit Court of Appeals of the Third Circuit is, "(Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302) * * * there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See also De Loach v. Crowley's,

478

Inc., 5 Cir., 128 F.2d 378, 380. No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." Continental Collieries, Inc., v. Shober, Jr., 130 F.2d 631, 635.

No matter how innocent the brokers' solicitation letter may have appeared and without regard to whether it contained any fraudulent or misleading statement of fact, if the brokers knew, as averred, that it was part of a scheme to defraud an action would lie against them. In fact it would be sufficient if they had merely mailed a letter without knowing its contents or even had merely supplied their stationery, provided they knew that in so doing they were rendering service essential to or participating in a scheme of fraud. True, the statement does not charge (and appears rather carefully to avoid charging) that the brokers knew any of the details of the scheme of fraud alleged to have been put into operation by the other defendants or knew of the fraudulent statements alleged to have been made by them. Nevertheless, it seems too plain for argument that a defendant cannot escape liability in an action for fraud merely by showing that he was ignorant of the steps by which a fraudulent scheme was to be carried out if it appears that he knew that what he did was a part of it. The averment here, that the brokers sent a solicitation letter knowing that in so doing they were participating in a scheme to defraud, sufficiently states a cause of action at common law against them. Plainly, it cannot be said that these plaintiffs would not be entitled to relief against the brokers as conspirators or joint tort feasors under any state of facts which could be proved in support of the claim.

Inasmuch as the fourth count can be sustained against the brokers under the common law, it follows that the second count states a cause of action against them for violations of the Statute and regulations which are, if anything, broader than the common law.

The motion to dismiss is denied.