## HALL et al. v. AMERICAN CONE & PRETZEL CO. et al.
### Civil Action No. 6368.

District Court, E. D. Pennsylvania.
April 1, 1947.

Morton P. Rome, Sundheim, Folz, Kamsler & Goodis, and M. Walton Sporkin, Jr., all of Philadelphia, for plaintiffs.

J. Hector McNeal, Nathaniel Shapiro, C. Brewster Rhoads, and Sidney L. Wickenhaver, all of Philadelphia, Pa., and John S. Rhoda, of Reading, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a stockholders' suit, both derivative and representative, based on injuries

to the corporation and to its stockholders, alleged to have been caused by misconduct on the part of officers and directors in their official capacity. The defendants are American Cone and Pretzel Company, a West Virginia corporation, which will be called "the company," six subsidiary or affiliated corporations of various states and thirteen persons, including officers and directors of the company and comprising a "control group."

The defendants have filed motions to dismiss and sever the complaint and for a more definite statement.

■ I am satisfied that each of the counts sufficiently states a cause of action upon which relief can be granted and that, without further particularization, they sufficiently apprise the defendants of its nature.

The important question is whether the action involves such a degree of interference with the internal affairs and management of a foreign corporation that this Court should decline to exercise its jurisdiction.

The complaint contains nine counts each of which deals with separate transactions, not directly related to one another but all alleged to be manifestations of a general plan and course of conduct on the part of the defendants in which they used their corporate offices and the company itself for their own personal profit.

The third and eighth counts attack the legality of two consummated plans of recapitalization of the company, the first in 1924 and the second in 1944. The prayers for relief based on these two counts ask for the complete nullification of the very substantial alterations of the company's charter by which each of the two reorganizations was accomplished and a return to the status quo ante, with the object of restoring the first prefered stockholders to all the rights which they had prior to the reorganizations, including par value, accumulated dividends and guarantee and redemption fund rights.

The remaining counts seek accounting and reimbursement by the individual defendants for alleged wrongs done the company and its stockholders, ouster of officers and directors, election of new officials, appropriate injunctions and the appointment of a receiver and accountants for the company and the allied corporations, if needed.

In Williams et al. v. Green Bay & Western R. Co., 326 U.S. 549, 66 S.Ct. 284, 287, the Supreme Court considered fully the general principles governing the question here presented. Without attempting a complete analysis of the opinion (almost all of which has a bearing upon the present problem), the gist of it is that the mere fact that a suit concerns the internal affairs of a foreign corporation is not decisive and does not of itself require the court to decline to take the case. On the contrary, the Supreme Court fully recognizes throughout the opinion that the rule of forum non conveniens means no more than that the circumstances of a particular case may be such that it could be better tried in the state of incorporation and if so that it is the duty of the court to decline to hear it, otherwise it may, in its discretion, entertain it.

The opinion refers to a number of factors which the court must consider in determining whether to exercise its discretion, among which are mentioned the possible vexatious or oppressive result of a suit away from the domicile of the defendant and the difficulty of the court's making its decree effective, because of its limited territorial jurisdiction, all of which the Court summed up as follows: "The relief sought against a foreign corporation may be so extensive or call for such detailed and continuing supervision that the matter could be more efficiently handled nearer home."

Efficiency of handling involves administering the remedy as well as establishing the right. In the Green Bay case, supra, the relief asked for was nothing more than a money judgment against the corporation. The Court assumed for the purpose of the decision that the ascertainment of the amount of the judgment would necessitate a review of the discretion of the directors of the corporation in withholding certain payments out of profits and, of course, that would involve the internal affairs of the company. Pointing out that many types of actions against foreign corporations involve

in a sense its internal affairs, Mr. Justice Douglas said, "The point is that, however this suit be viewed, the relief sought is not of such a character as to suggest that the federal court of New York would be so handicapped that it should remit the parties to Wisconsin."

[2] In the present case the third and eighth counts go far beyond matters of management, policy and discretionary acts of officers. The entire corporate structure is attacked and the relief sought (practically a new charter for the company) could not be accorded without the most complete, drastic and thorough-going interference with its internal affairs imaginable. Without stressing the difficulties which might arise in compelling administrative action by the officials of the State of West Virginia necessary to accomplish the result desired, it seems plain from the nature of the issue and of the relief sought that this Court must decline to exercise its jurisdiction, so far as these two counts are concerned.

In the remaining seven counts, the interference with the internal affairs of the company is so much less in degree and the relief asked is so different in kind that they must be considered in an entirely different category. As to them, unless this Court is bound by the law of the State of Pennsylvania (a point to be discussed later), considerations such as those which caused the Supreme Court in the Green Bay case to direct the Court to take jurisdiction, are all in favor of this Court's doing so. There is no difficulty about an appropriate remedy if the plaintiff establishes his case. An accounting, a money judgment and restitution, all can be readily obtained by a decree enforceable against the individual defendants. The authorities cited with approval in the footnote of the Green Bay opinion put a rather heavy burden on the party seeking to persuade the court to hold its hand. "The inconvenience, then, must amount to actual hardship, and this must be regarded as a condition sine qua non of success in putting forward a defense of forum non conveniens. For the general rule is that a court possessing jurisdiction must exercise it unless the reasons to the contrary are clear and cogent." In the present case, except as to the third and eighth counts, it is the reasons for, rather than those against, exercising jurisdiction which are clear and cogent.

The principal plant and business office of the company is and always has been in the Eastern District of Pennsylvania. Only the minimum acts necessary to keep the corporation alive are performed in West Virginia. The primary bank account of the company is kept in this district. The transfer books, minute books and main official records are kept here. Directors' and stockholders' meetings have usually been held here. The bulk of the trading in the company's stock has been carried on in the over-the-counter market in Philadelphia. Dividend checks are mailed from Philadelphia. The majority of the Board of Directors has always consisted of residents of Philadelphia. Three of the five directors, including the one alleged to have been the controlling stockholder throughout, are residents of Philadelphia. These facts leave little doubt as to where the balance of convenience lies. In addition, only one or two of the defendants are residents of West Virginia and this fact raises the doubt whether, if suit on these counts had to be brought in West Virginia, there might not be such difficulty in subjecting the majority of the defendants to process as to leave the plaintiff practically remediless.

These seven counts, then, come fairly within the scope of the decision in the Green Bay case, supra, holding that such a suit is properly retained by the court.

This makes it necessary to consider the defendant's contention that this Court is bound, under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, by the law of Pennsylvania. If so, then, in spite of the Green Bay case, these counts also would have to be dismissed because the rule of the Pennsylvania courts, as correctly stated by the defendants, is as follows: "The courts of Pennsylvania have always stated categorically this rule of non-interference with a foreign corporation. They have not placed the rule on the ground of convenience and have not attempted to distinguish cases in which a

Pennsylvania court might be a convenient tribunal. The sole test of exercise of jurisdiction has been whether the suit actually involves the internal affairs of a foreign corporation," and it cannot be denied that these counts do involve the internal affairs of the company as the Pennsylvania courts have interpreted those words.

The Supreme Court in the Green Bay case, although it noted the decision of the Circuit Court of Appeals of the Second Circuit in Weiss et al. v. Routh et al., 2 Cir., 149 F.2d 193, 159 A.L.R. 658, to the effect that the federal court in a diversity case is required to apply the local rule of forum non conveniens, expressly refrained from ruling upon the point. In view of the fact that almost all of the opinion is devoted to discussing general principles for the guidance of the federal courts, without reference to state rule, it can hardly be assumed that the Court was ready to sanction Weiss v. Routh, supra, as a fully acceptable statement of the law. In fact, if any inference at all is to be drawn from the mention of the case, it would appear to be in the opposite direction. The opinion in the Green Bay case nowhere suggests that the discretion of the court to decline jurisdiction on the ground of forum non conveniens is absolute. On the contrary, the principles governing and setting limits upon its exercise of discretion are carefully pointed out, and thus there seems to be no ground for Judge Hand's apprehension that if it be held that the considerations which will set the court in motion are peculiar and personal to itself, it would follow that the decision to accept jurisdiction is "not controlled by any principle and may be at the judge's whim."

Jurisdiction of subject matter and persons is not questioned. If it were, there would be not the slightest doubt that state law would be entirely without effect. The propriety of exercising jurisdiction is what is in issue—a discretionary matter, very closely related to jurisdiction and involving the freedom of the federal courts to act in their own domain. It seems to me that the policy governing the primary question applies in a large degree to the related one, and that a federal court's discretion in the exercise of its jurisdiction should not be controlled by rules made by state courts for their own guidance.

What has just been said applies to the 1st, 2nd, 4th, 5th, 6th, 7th and 9th counts. One of these counts (the 6th) charges violation of the Securities Act of 1934, 15 U.S.C.A. § 78a et seq., and as to it, the reasons for not following the state rule are even stronger. The right under the statute is not derived from one of the states but from the United States, and the mode and place of enforcing that right are matters which belong to the federal courts.

We thus have a suit based on a number of causes of action some of which, had they been sued upon separately, would have been properly cognizable by this court and others not. As long as the suit remains entire and so includes the 3rd and 8th counts, it cannot be proceeded with without such degree of interference with the internal affairs of the company as forbids this court to entertain it. The defendants have moved to sever the causes of action in the complaint, and I think they are severable, but it is conceded that severance is a matter within the discretion of the court.

The plaintiff is opposing any severance at the present time. Whether he will continue to do so, in view of what has been decided in this opinion, I do not know. He may now be willing to agree to the severance and proceed in this court with the trial of all the causes of action except the 3rd and 8th. On the other hand, the two main brands are somewhat interrelated, and it may be that it would be unfair to him to compel him to try his case on the fraud and misconduct grounds here while at the same time depriving him of the opportunity to attack the two recapitalizations of the company which are complained of in the 3rd and 8th counts. He can try his suit as a whole in West Virginia, which is what the defendants want him to do. However, he brought it here as a whole and I think that if he desires to have it disposed of as such he is entitled to do so.

An order will, therefore, be entered that the entire complaint will be dismissed unless within twenty days the plaintiff either moves or stipulates for severance of the

3rd and 8th counts from the others, in which case the 3rd and 8th counts only will be dismissed.