**ROBINSON et al. v. DIFFORD et al.**
**Civ. No. 10322.**

United States District Court
E. D. Pennsylvania.
July 14, 1950.

146

Edwin P. Rome (of Gray, Anderson, Schaffer & Rome), of Philadelphia, Pa., for plaintiffs.

David F. Maxwell (of Edmonds, Obermayer & Rebmann), of Philadelphia, Pa., for defendants.

Alexander Cohen, Washington, D. C., special counsel for Securities & Exchange Commission, amicus curiae.

GRIM, District Judge.

This is an action by former owners of a minority of the stock of the Robinson Manufacturing Company (hereinafter referred to as the Company), a corporation engaged in the lumber business in the state of Washington. The action is against (1) the Company, (2) the owners of a majority of its stock, who were also its officers and directors, and (3) their alleged agents. The plaintiffs claim damages in the sum of $1,-791,875 and other relief by reason of alleged misrepresentations by the defendants which, according to the complaint, caused the plaintiffs to sell their stock in the Company to the majority shareholders at substantially less than its "true actual value".

Plaintiffs have expressly and solely grounded their action on section 10(b) [1] of the Securities Exchange Act of 1934 and rule X-10B-5 [2] promulgated thereunder by the Securities Exchange Commission.

The defendants have filed a motion to dismiss the complaint under rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. Their contentions can be summarized as follows:

1. The court lacks jurisdiction of the subject matter because, contrary to the requirements of the Securities Exchange Act, the transactions complained of did not involve securities traded on a securities exchange or in the over-the-counter market.

2. The court lacks jurisdiction of the subject matter because the Securities Exchange Act does not provide a civil right of action for the type of transaction described in the complaint.

3. The court lacks jurisdiction of the persons of the defendants because they were not served with process in the state of Pennsylvania, they having been served in the state of Washington, where they all are residents.

4. The venue in this court is not properly laid as to plaintiffs Isabella V. Zimmerman and Floyd S. Zimmerman, because there are no allegations that any of the fraudulent acts, which induced them to sell their stock, occurred within the state of Pennsylvania.

A summary of the facts as they are set forth in the complaint is:

The Robinson Manufacturing Company was incorporated under the laws of the state of Washington in 1901. By charter amendment, effective November 17, 1948, the name of the corporation was changed to Robinson Plywood and Timber Company. It is under this name that it is listed as a defendant.

At the time of the transactions set forth in the complaint, the Company had an authorized capitalization of 7500 shares of common stock, all of which were then outstanding. The plaintiffs as a group owned 2500 shares. The other 5000 shares were owned by defendants John R. Robinson, Laura R. McLeod, Ted R. Robinson, A. W. V. Ford and J. S. Robinson. These defendants constituted a control group, actively managing the Company as officers, directors and majority shareholders. Because of the close family relationship and the long personal association between the plaintiffs and the members of the "control group", plaintiffs placed their complete trust and confidence in the latter's management and judgment. Between March 14, 1948 and November 17, 1948, however, the control group betrayed that trust and confidence and, through agents and by their own acts, purchased the shares of the plaintiffs at grossly inadequate prices. The defendants used the mails and instrumentalities of interstate commerce in making their fraudulent misrepresentations. The shares were not registered on an exchange nor traded in the over-the-counter market, and no security dealer or broker was used in effecting the purchases.

Defendants' first argument for the dismissal of the complaint is that the Securities Exchange Act does not apply where, as in the present case, the securities in question were neither registered on a national exchange nor traded in the over-the-counter market. Clearly this argument is without

1. 15 U.S.C.A. § 78j(b).

2. 17 C.F.R. Sec. 240.10b-5.

foundation. The Act says, Sec. 10(b), 15 U.S.C. Sec. 78j(b), 15 U.S.C.A. § 78j(b): "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange * * * to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule X-10B-5 of the Commission, which was "prescribed" by the Commission pursuant to the power given to it by this section of the Act is:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

"(1) To employ any device, scheme, or artifice to defraud,

"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading, or

"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

The Act applies both to securities registered on a national securities exchange and to "any security not so registered". Rule X-10B-5 clearly makes the acts set forth in the complaint unlawful. Consequently, the Act applies to the present case even though the securities involved were not registered on a securities exchange and were never traded in the over-the-counter market.[3] This is so clear from the language of section 10(b) itself that no other proper interpretation is possible. However, defendants vigorously contend that the limited purpose of the Act was to regulate only transactions in securities registered on a national exchange or traded in the over-the-counter market, and not to regulate private transactions. In support of this contention they point to the preamble statement (section 2, 15 U.S.C.A. § 78b) of the general purpose of the Act and to statements made by members of Congress when the Act was under consideration therein. Without deciding that these statements do show such a limited purpose as is contended by defendants, this court must reject defendants' contention, because section 10(b) itself, under which the present action was brought, is unambiguous. Reliance on the preamble statement of section 2 in order to alter the plain and unambiguous provisions of section 10(b) would violate a basic canon of statutory construction that statements in a preamble may be referred to only for the purpose of clarifying an ambiguity in a statutory provision.[4] Likewise, the legislative history of an act may not properly be considered in construing an unambiguous statutory provision[5] such as section 10(b). There are no other sections of the Act which indicate that Congress intended to limit the application of the Act to transactions involving either registered secu-

---

3. Securities traded in the over-the-counter market may be defined generally as those securities not registered on a national exchange which are traded through a securities broker or with a securities dealer.

4. Yazoo & Mississippi Valley R. R. v. Thomas, 1889, 132 U.S. 174, 188, 10 S. Ct. 68, 33 L.Ed. 302; Coosaw Mining Co. v. South Carolina, 1892, 144 U.S. 550, 563, 12 S.Ct. 689, 36 L.Ed. 537; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 1940, 113 F.2d 52, 56; Sutherland, Stat-

utes and Statutory Construction, 3d ed., Sec. 4820; Crawford, Statutory Construction, 1940, Sec. 205.

5. Ex parte Collett, 1949, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R. 2d 927; Wilbur v. U. S., 1931, 284 U.S. 231, 237, 52 S.Ct. 113, 76 L.Ed. 261; U. S. v. Missouri Pacific Ry., 1928, 278 U.S. 269, 277, 49 S.Ct. 133, 73 L.Ed. 322; Railroad Commission of Wisconsin v. Chicago, B. & O. Ry., 1922, 257 U.S. 563, 588–589, 42 S.Ct. 232, 66 L.Ed. 371, 22 A.L.R. 1086.

rities or unregistered securities traded in the over-the-counter market.

Defendants also contend that the Act does not create a civil right of action in people who may have been injured by a violation thereof. This argument, however, has been rejected by a number of decisions, including decisions of this court: Kardon v. National Gypsum Co., D.C.E.D. Pa.1946, 69 F.Supp. 512;[6] Fry v. Schumaker, D.C.E.D.Pa.1947, 83 F.Supp. 476, 477; Rosenberg v. Globe Aircraft Corp., D.C.E.D.Pa.1948, 80 F.Supp. 123; Hall v. American Cane & Pretzel Co., D.C.E.D. Pa.1947, 71 F.Supp. 266.

In Slavin v. Germantown Fire Insurance Co., 174 F.2d 799, 806, the Court of Appeals for the Third Circuit, by way of dictum, recognized the right to maintain a private action, stating: "* * * And if there was a scheme which actually culminated in harm to the corporation and which was effectuated in violation of the provisions of Section 10(b) of the Securities Exchange Act, we have no doubt that the corporation could prosecute the action for redress * * *"

Consequently, it is clear that plaintiffs have the right to bring the present action.

Defendant's contention that there was no proper service on the defendants must also be decided against them. Section 27 [7] of the Act provides: "Any suit or action to enforce any liability or duty created by this title or rules or regulations thereunder * * * may be brought in any such district (i.e. 'wherein any act or transaction constituting the violation occurred') * * * and process in such cases may be served in any other district

of which the defendant is an inhabitant or wherever the defendant may be found."

Even though service on the defendants was made in the state of Washington, service obviously was proper. Kardon v. National Gypsum Co., 69 F.Supp. 512, supra.

The last contention of the defendant is that as to plaintiffs Isabella V. Zimmerman and Floyd S. Zimmerman, who are not residents of the Eastern District of Pennsylvania, venue is improper because none of the acts of misrepresentation as to them are specifically described as having occurred in Pennsylvania. However, Par. 46 of the complaint says: "Plaintiffs aver that all representations made, acts or things said or done, and all failures to state necessary and material facts and information required to have been disclosed by any one or more of the individual defendants were in furtherance of the common fraudulent combination and conspiracy into which all of the defendants had entered and were made on behalf of all of the said defendants with intent to deceive and defraud all of the plaintiffs."

The allegations of the complaint viewed in the light most favorable to the plaintiffs, as they must be viewed in the consideration of this motion to dismiss, make it clear that the acts and transactions complained of, which occurred within the Eastern District of Pennsylvania, were part of the scheme to defraud Isabella V. Zimmerman and Floyd S. Zimmerman, along with the other plaintiffs and, therefore, Isabella V. Zimmerman and Floyd S. Zimmerman are entitled to join in the action.

Defendants' motion to dismiss the complaint is denied.

---

6. This case decides (1) that a civil action may be maintained for a violation of Rule X-10B-5 promulgated under section 10(b) of the Act and (2) that plaintiffs were "investors" within the meaning of section 10(b). The point raised by the present defendants in their first contention in the instant case, viz., that section 10(b) applies only to securities traded on a national securities exchange or in the over-the-counter market, was neither specifically raised nor decided in the Kardon case. See also Kardon v. National Gypsum Co., D.C.E.D.Pa.1947, 73 F.Supp. 798, second opinion following a trial on the merits.

7. 15 U.S.C.A. § 78aa.