**BIRNBAUM et al. v. NEWPORT STEEL CORP. et al.**

United States District Court,
S. D. New York.

May 11, 1951.

Nathan B. Kogan, New York City (Irving Constant, New York City, of counsel), for plaintiff.

Cahill, Gordon, Zachry & Reindel, New York City (Fred J. Knauer and Frederick P. Warne, New York City, of counsel), for defendant Newport Steel Corp.

Milbank, Tweed, Hope & Hadley, New York City (A. Donald MacKinnon and Eugene H. Nickerson, New York City, of counsel), for defendant Wilport Co.

Sullivan & Cromwell, New York City (Arthur H. Dean, Howard T. Milman and H. Bartow Farr, Jr., all of New York City, of counsel), for defendant C. Russell Feldmann.

SAMUEL H. KAUFMAN, District Judge.

This is a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss a complaint for failure to state a claim upon which relief can be granted. The complaint alleges a violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A., § 78j(b)[1] and of the rule promulgated thereunder, Rule X–10B–5 of the Securities and Exchange Commission, 17 Code Fed. Regs. § 240.10b–5 (1949)[2].

---

1. "78j. *Manipulative and deceptive devices.*

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
* * * * * * * *

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

2. "§ 240.10b–5. *Employment of manipulative and deceptive devices by any pur-* *chaser of a security.* It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

"(a) To employ any device, scheme, or artifice to defraud.

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

Two causes of action are alleged, one a derivative action brought on behalf of the Newport Steel Corporation, the other a class action brought by plaintiffs as representatives of all the stockholders of Newport similarly situated. Jurisdiction is alleged to exist in this court by virtue of §§ 27 and 29 of the Securities Exchange Act, 15 U.S.C.A. §§ 78aa and 78cc.

In substance, the complaint alleges that defendant Feldmann, who was president and chairman of the board of directors of Newport, a manufacturer of steel, controlled Newport through ownership or control of 40% of its stock; that defendants Stamm, Rheim, Rohr, Lorenzen, Sheaffer and Ballantyne, as directors of Newport, acted under the control of Feldmann, and that in August 1950, defendant Feldmann rejected an offer of Follansbee Steel for a merger on terms profitable to Newport. Feldmann rejected the Follansbee offer, the complaint alleges, because he intended to sell his stock in Newport to defendant Wilport Company, at $22 a share, twice the market value, thereby obtaining for himself an opportunity that should have accrued to the corporation. The excess, it is claimed, was paid for the control of Newport.

It is further alleged that Feldmann violated Rule X–10B–5 when he reported by letter to Newport stockholders about the negotiations with Follansbee but failed to disclose his personal interest in its rejection. In addition, there are allegations that Feldmann and the other directors resigned pursuant to the terms of the sale to Wilport; and that Wilport, a corporation owned by ten large users of steel, was using, and intending to use, Newport as a "captive" subsidiary. Plaintiffs ask that all defendants, save Newport, be directed to account, that defendants Wilport, Gibson, Mericka, Mitchell, Cobourn and Paxton, directors and officers of Wilport, be enjoined from causing Newport to sell exclusively to Wilport; and that the sale of Feldmann's stock be declared void.

■ Even if it be assumed, without deciding, that the facts alleged amount to a fraud upon the minority stockholders of Newport, plaintiffs may not have their remedy in this court, since jurisdiction in this case is not predicated upon diversity of citizenship, and plaintiffs have not shown a violation of § 10(b) and the Rule effectuating it, X–10B–5. This is evident in view of the purpose which Rule X–10B–5 was intended to serve. That rule is merely one tile in a mosaic of securities regulations, and its scope must be determined in the light of the related rules. The rule was designed to fill a void that had long existed in the Securities and Exchange Commission's control over fraudulent dealing in securities, i.e., the absence of any prohibition against fraud practiced on purchasers or sellers of securities by persons who were not brokers or dealers.

In SEC Release No. 3230, which was issued on the day the new rule was adopted, the purpose and scope of X–10B–5 were explained. "The Securities and Exchange Commission today announced the adoption of a rule prohibiting fraud by any person in connection with the purchase of securities. The previously existing rules against fraud in the purchase of securities applied only to brokers and dealers. The new rule closes a loophole in the protections against fraud administered by the Commission by prohibiting individuals or companies from buying securities if they engage in fraud in their purchase * * *." The rule has been interpreted to apply to sales as well as purchases. SEC Release No. 3634, December 22, 1944. But in either case the fraud referred to is fraud perpetrated upon the purchaser or seller of securities. The interpretation placed upon Rule X–10B–5 by the Securities and Exchange Commission has been accepted by the courts.[3]

■ The essence of the complaint in this case is that the sale by Feldmann of his Newport stock constituted a fraud on Newport's minority stockholders, not that

3. Robinson v. Difford, D.C.E.D.Pa.1950, 92 F.Supp. 145; Fry v. Schumaker, D.C. M.D.Pa.1947, 83 F.Supp. 476; Kardon v. National Gypsum Co., D.C.E.D.Pa.1947, 73 F.Supp. 798; Speed v. Transamerica Corp., D.C.D.Del.1947, 71 F.Supp. 457.

it was a fraud on the purchaser of the stock. With the exception of one case, decided without opinion[4], none of the authorities cited by plaintiffs supports the proposition that Rule X–10B–5 applies to such conduct.

The plaintiffs having failed to state a claim upon which relief can be granted, the complaint must be dismissed. Settle order on notice.

---

4. McManus v. Jessup & Moore Paper Co., Civ. No. 8015 (E.D.Pa.1948).