**Wm. F. deHAAS, and Colorado International Corp., a Colorado Corporation, Plaintiffs,**

v.

**EMPIRE PETROLEUM COMPANY, a Colorado Corporation, Eugene M. Stone and American Industries, Inc., a Nevada Corporation, Defendants.**

**Civ. A. No. 66–C–167.**

United States District Court
D. Colorado.

Aug. 22, 1969.

See also D.C., 286 F.Supp. 809, 300 F.Supp. 834.

James W. Heyer, Denver, Colo., for plaintiffs.

Holmes Baldridge and Arlen S. Ambrose, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Defendants have filed a post trial motion seeking to vacate and set aside the jury award of punitive damages against the defendant Stone. This motion presents the issue whether punitive damages may be recovered in a civil action for violation of the provisions of Rule 10b-5, promulgated pursuant to § 10(b) of the Securities Exchange Act of 1934. The defendants contend that § 28(a) of the Act, 15 U.S.C. § 78bb(a), limits recovery in private suits for damages to "actual damages." [1]

Although the 1934 Act does not provide a private claim for damages under § 10(b) or the regulations adopted pursuant thereto, it has consistently been held that a suit for damages may be maintained for violation of Rule 10b-5. *E. g.,* Fratt v. Robinson, 203 F.2d 627, 37 A.L.R.2d 636 (9th Cir. 1953); Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951); Trussell v. United Underwriters, Ltd., 228 F.Supp. 757 (D. Colo.1946); Kardon v. National Gypsum Co., 69 F.Supp. 512 (E.D.Pa.1946). *See also* Annot., 37 A.L.R.2d 649 (1954).

Kardon v. National Gypsum Co., 69 F.Supp. 512 (E.D.Pa.1946), is the leading case on the subject of private damage actions for violation of 10b-5. In

---

[1]. Section 28(a) of the Securities Exchange Act of 1934 provides:

The rights and remedies provided by this title shall be in addition to any and all other rights and remedies that may exist at law or in equity; but no person permitted to maintain a suit for damages under the provisions of this title shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the acts complained of.

that case Judge Kirkpatrick concluded that the right to pursue a private claim for damages under 10b-5 arises by virtue of the general tort law principle that the doing of an act prohibited by statute may give rise to an actionable wrong. In the course of his opinion, Judge Kirkpatrick stated:

It is also true that there is no provision in Sec. 10 or elsewhere expressly allowing civil suits by persons injured as a result of violation of Sec. 10 or of the Rule. However, "The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if; (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and (b) the interest invaded is one which the enactment is intended to protect. * * *" Restatement, Torts, Vol. 2, Sec. 286. This rule is more than merely a canon of statutory interpretation. The disregard of the command of a statute is a wrongful act and a tort. 69 F.Supp. at 513.

The limitation contained in § 28(a) of the 1934 Act provides that "no person *permitted to maintain a suit for damages under the provisions of this title* shall recover * * * a total amount in excess of his *actual damages* * * *." (Emphasis added.) We interpret this limitation as applying only to claims for relief which are expressly or impliedly created by the Act itself.[2] Resting as it does on principles of tort law, an action for damages resulting from violation of 10b-5 does not depend on an express or implied grant of authority in the Act and is not limited by the provisions of § 28(a). The same conclusion was reached by the district court for the Northern District of California in Hecht v. Harris, Upham & Co., 283 F.Supp. 417 (N.D.Cal. 1968). In discussing the question of punitive damages in a private 10b-5 action that court, speaking through Judge Sweigert, held:

We are inclined to the view that the restrictive provisions of Section 28(a) (15 U.S.C. § 78bb(a)), concerning "actual damages" were intended by the Congress to apply only to those statutory causes of action which it specifically "permitted" in the Acts—but not to other rights of action based upon the general law of tortious injury and that exemplary damages could be awarded in the pending action. 283 F.Supp. at 445.

Although it is clear that 10b-5 goes beyond traditional common law fraud concepts in many respects, we have previously held that in order to establish a violation of 10b-5 some element of *scienter* must be shown. Trussell v. United Underwriters, Ltd., 228 F.Supp. 757 (D.Colo.1964). Thus, violation of 10b-5 necessarily involves the commission of an intentional tort from which punitive damages flow depending on the circumstances. See W. Prosser, Law of Torts § 2 (3d ed.1964).[3]

We realize that the Second Circuit has taken the opposite view as to the applicability of § 28(a) and the permissibility of awarding punitive damages under 10b-5. Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968). However, in light of the nature of a private action for damages under 10b-5, and in view of the fact that Congress did not contemplate this implied remedy based on federal common law, we conclude that it is more reasonable to rule that punitive damages are allowable in a case such as the instant one where aggravated *scienter* is clearly shown by the facts.

---

2. *E. g.,* § 9(a), 15 U.S.C. § 78i(a) ; § 16 (b), 15 U.S.C. 78p(b) ; § 18(a), 15 U.S. C. 78r(a).

3. Prosser states that punitive damages may be awarded "where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime * * *."