**BOWMAN & BOURDON, INC., et al., Plaintiffs, Appellees,**

v.

**Robert E. ROHR et al., Defendants, Appellants.**

**No. 7347.**

United States Court of Appeals First Circuit.

Oct. 28, 1969.

---

close the inventory unit cost changes involved here meets the test of materiality set forth in Rogen v. Ilikon Corp., 361 F.2d 260 (1st Cir. 1967). Furthermore, rescission is an appropriate remedy in this case. 3 Loss, Securities Regulation 1793–1794 (1961); *see* Mott v. Tri-Continental Financial Co., 330 F.2d 468, 471 (2d Cir. 1964); Kardon v. National Gypsum Co., 69 F.Supp. 512, 514 (E.D.Pa. 1946).

Affirmed.

Philip M. Cronin, Boston, Mass., with whom Phillip S. Cronin, Plymouth, Mass., and Withington, Cross, Park & Groden, Boston, Mass., were on brief, for appellants.

Richard W. Renehan, Boston, Mass., with whom Richard S. Chute and Hill & Barlow, Boston, Mass., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The facts in this case are set out in the district court's opinion. Bowman & Bourdon, Inc. v. Rohr, 296 F.Supp. 847 (D.Mass.1969). We have reviewed the evidence. The court's findings are warranted and we see no error of law.

We believe, in particular, that the court was warranted in finding that Bowman was misled. The failure to dis-