Sam H. **ROBERSON**

v.

Ben L. **CATE, Jr. and Bruce F. Russell.**

Civ. No. 3–78–36.

United States District Court,
E. D. Tennessee, N. D.

June 21, 1978.

Rom L. Meares, Albert J. Tumpson, Maryville, Tenn., for plaintiff.

W. Keith McCord, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action based upon an alleged violation of Section 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j, and Rule 10b–5 promulgated pursuant thereto. 17 C.F.R. § 240. The plaintiff alleges that because of misrepresentations made by the defendants, he purchased less stock in the Crum Insurance Agency than he was entitled to purchase under a binding shareholders agreement. At the pre-trial conference the defendants moved orally that plaintiff's complaint be dismissed because, inter alia, the plaintiff lacks standing to sue. Briefs on this point have been filed by each side.

Neither Section 10(b) of the 1934 Act nor Rule 10b–5 of the Securities and Exchange Commission expressly provide a private cause of action. However, such a cause of action has been recognized by the courts. *See Superintendent of Insurance v. Bankers Life & Cas. Co.*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); *Kardon v. National Gypsum Co.*, 69 F.Supp. 512 (E.D.Pa.1946). Nevertheless, the plaintiff class for such

**14**

private actions has consistently been limited to actual purchasers and sellers of securities. *See Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2nd Cir. 1952); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

The Supreme Court recognized in *Blue Chip Stamps, supra*, that "the holders of puts, calls, options, and other contractual rights or duties to purchase or sell securities have been recognized as 'purchasers' or 'sellers' of securities for purposes of Rule 10b–5." 421 U.S. at 751, 95 S.Ct. at 1932. The reason for this expansive definition is that Section 3(a)(13) of the 1934 Act, 15 U.S.C. § 78c(a)(13) defines the term "purchase" as including "any contract to buy, purchase, or otherwise acquire." Where such contractual rights exist the ultimate failure of a plaintiff to purchase securities does not bar his action. Therefore, if plaintiff possessed a "contractual right" to purchase securities and allegedly failed to exercise that right because of a violation of Section 10(b) and Rule 10b–5, then the plaintiff would have standing to bring this action.

In the complaint, the plaintiff alleged that he held the preemptive right to purchase 50% of the stock acquired by defendant Russell. In the pre-trial order, plaintiff describes his interest in said stock as having been created pursuant to a "binding shareholders agreement." The defendants have not disputed plaintiff's characterization of his interest in the stock at issue. Without deciding specifically whether the plaintiff had an "option" to purchase within the meaning of *Blue Chip Stamps*, it is clear that plaintiff possessed a sufficient contractual right to the stock at issue to qualify as a "purchaser" of stock, with standing to sue.

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss be, and the same hereby is, denied.

Order accordingly.